**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

MICHAEL ZOOK, )
          Plaintiff, )
   vs. ) No. 1:07-cv-0583-DFH-WTL
  )
DR. RUIZ, SHERIFF JIM KENNEDY, )
MONROE COUNTY CORRECTIONAL )
 CENTER, )
  )
          Defendants. )

**Entry Discussing Motions for Summary Judgment**

For the reasons explained in this Entry, the defendants' motions for summary judgment must be **granted.**

**I. Background**

*Parties and Claim.* The parties in this civil rights action are plaintiff Michael Zook, and defendants Sheriff Jim Kennedy and Dr. Mark Ruiz. The events pertinent to Zook's claim occurred at the Monroe County Jail. Sheriff Kennedy is the Sheriff of Monroe County and Dr. Ruiz is the Jail physician.

Zook claims that while confined at the Jail the defendants failed to provide him constitutionally adequate medical care. He seeks damages. The defendants seek resolution of Zook's claim through the entry of summary judgment.

*Summary Judgment Standard.* Through separate motions, both Sheriff Kennedy and Dr. Ruiz seek resolution of Zook's claim through the entry of summary judgment. "Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the Federal Rules of Civil Procedure). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

"'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). The court must "construe all facts in a light most favorable to . . . the party opposing summary judgment, and . . . draw all reasonable inferences in his favor." *McGreal v. Ostrov,* 368 F.3d 657, 672 (7th Cir. 2004) (citation omitted). "'In the light most favorable' simply means that summary judgment is not appropriate if the court must make 'a choice of inferences.'" *Draghi v. County of Cook,* 184 F.3d 689, 691 (7th Cir. 1999) (quoting *Smith v. Severn,* 129 F.3d 419, 425 (7th Cir. 1997)). However, the non-moving party bears the burden of coming forward with specific facts from the record which show a genuine issue of material fact. *Morfin v. City of E. Chi.,* 349 F.3d 989, 997 (7th Cir. 2003) (citation omitted). When the record taken as a whole could not lead a rational trier-of-fact to find for the non-moving party, summary judgment is warranted. *See Beard v. Banks*, 126 S. Ct. 2572, 2582 (2006).

In this case, because Zook has not responded to the motions for summary judgment, the evidentiary record has been fixed by the closing of the briefing period, which was October 17, 2007. Accordingly, the factual assertions on which the defendants' motions for summary judgment are supported by the evidentiary record are accepted as true for the purpose of resolving those motions. *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This is the result of Local Rule 56.1(h), of which the plaintiff was notified. The foregoing does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Undisputed Material Facts

The evidentiary record supporting the motions for summary judgment shows the following:

- Zook was confined in the Jail from October 29, 2006, until his release to the Indiana Department of Correction on July 25, 2007.

- Dr. Ruiz was the Jail physician during the time Zook was confined in the Jail insofar as relevant to the claim and defenses in this case.

- Zook jumped from the top bunk in his cell at approximately 4:22 in the morning on March 29, 2007. He complained to Jail staff of discomfort to his right ankle/foot following this incident.

- Zook received medical care for the injury he received as a result of his jump, as follows: First, Dr. Ruiz directed that Zook was given ice for his right ankle/foot at approximately 4:50 AM on March 29, 2007. This was done. Next, Dr. Ruiz examined Zook at approximately 9:45 AM on March 29, 2007. Dr. Ruiz prescribed pain medication and crutches for Zook's use. The pain medication was dispensed. Zook

      refused the crutches. In addition, Dr. Ruiz provided Zook with instruction for care of his ankle/foot.

- In addition to the foregoing care, Dr. Ruiz sent Zook for x-rays on three separate occasions to ensure accurate and appropriate images were obtained and Zook was provided with a stabilization boot. The final set of x-rays ordered by Dr. Ruiz revealed no fracture in Zook's right ankle/foot.

- The Jail has a grievance program whereby an inmate may present complaints to Jail staff. The grievance program includes an appeal procedure.

- When a grievance is received at the Jail, it is logged and assigned a number. Copies of the grievance, the response and any appeal papers are placed in the inmate's grievance packet. There is no indication of any appeal of any grievance on any subject filed by Zook during his confinement at the Jail insofar as relevant to the claim and defenses in this case.

As noted, the foregoing facts are accepted as true for the purpose of resolving the pending motions for summary judgment.

## III.  Discussion

      Although each defendant has filed a motion for summary judgment, they have done so with slightly divergent rationales. Sheriff Kennedy argues that 1) Zook's action is barred because he failed to exhaust available administrative remedies prior to filing suit, 2) Sheriff Kennedy had no personal involvement in the delivery or decisions relative to Zook's medical care, 3) Zook received constitutionally adequate medical care while at the Jail, and 4) Sheriff Kennedy is entitled to qualified immunity under the circumstances presented by this case. Dr. Ruiz, by contrast, has argued solely that the medical care delivered to Zook while at the Jail in relation to his right foot/ankle injury suffered on March 29, 2007, did not violate Zook's rights under either the Eighth or the Fourteenth Amendments. The exhaustion argument presented by Sheriff Kennedy is sufficiently distinct from the others that it must be considered separately.

      *Sheriff Kennedy.* At the time this action was filed, Zook was still confined in the Jail and hence was a "prisoner" as that term is used in the Prison Litigation Reform Act ("PLRA").

      The PLRA requires that a prisoner exhaust his administrative remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). This requirement applies to the treatment alleged by Zook in his complaint. *Id.* at 532  (the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Sheriff Kennedy contends that Zook failed to comply with this requirement.

3

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

A failure to comply with the exhaustion requirement of the PLRA is an affirmative defense as to which defendants bear the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The inclusion of this argument in Sheriff Kennedy's motion for summary judgment is the feature which requires a different analysis than that required of Dr. Ruiz's motion for summary judgment because, when applicable, the failure to exhaust available administrative remedies requires dismissal of a claim without reaching the merits. *Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 532, 535 (7th Cir. 1999)("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").

The analysis which is to be undertaken in these circumstances is the following:

> [I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim . . . . [C]ourts merely need to ask whether the institution has an internal administrative grievance procedure by which prisoners can lodge complaints about prison conditions. If such an administrative process is in place, then § 1997e(a) requires inmates to exhaust those procedures before bringing a prison conditions claim.

*Massey v. Helman,* 196 F.3d 727, 733-34 (7th Cir. 1999). The Seventh Circuit

> has taken a strict compliance approach to exhaustion. A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted.

*Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) (citing *Pozo*).

The evidentiary record in this case is straightforward. There is a grievance process in place at the Jail. Inmates may use that process to complain about and seek relief from their treatment or the conditions of their confinement. Records are kept of whether and how the grievance process is utilized. Zook did not utilize this grievance procedure at any level. This is a failure to exhaust. *Pozo*, 286 F.3d at 1025.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that the claim against Sheriff Kennedy should not have been brought and must now be dismissed without prejudice. See *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004). Sheriff Kennedy's motion for summary judgment on this basis is therefore **granted**, and this resolution precludes consideration of the other arguments made in support of such motion.

*Dr. Ruiz.* Zook's claim is asserted pursuant to 42 U.S.C. § 1983. The court has subject matter jurisdiction over the claim pursuant to 28 U.S.C. §§ 1331 and 1343(3). "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

Although it is unclear whether or at what point Zook became a convicted offender, his allegations concerning the conditions of his confinement at the Jail will in this case be analyzed under the standards of the Eighth Amendment. This is because the due process rights of a pre-trial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner, *Revere v. Massachusetts General Hosp.,* 463 U.S. 239 (1983); *Hall v. Ryan,* 957 F.2d 402, 404 (7th Cir. 1992), and an act or practice that violates the Eighth Amendment also violates the Fourteenth Amendment rights of a pre-trial detainee, *Bell v. Wolfish,* 441 U.S. 520, 536 n.16; (1979); *Martin v. Tyson,* 845 F.2d 1451, 1456 (7th Cir. 1988).

> A prison official violates the Eighth Amendment (which applies to persons who have been convicted) and the due process clause of the Fourteenth Amendment (which applies to pretrial detainees . . . ) when he is deliberately indifferent to a substantial risk of serious harm to an inmate, and a finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless.

*Mathis v. Fairman,* 120 F.3d 88, 92 (7th Cir. 1997) (citing *Farmer* and *Salazar*).

In the specific context of the asserted denial of medical care, for an inmate to state a claim under 42 U.S.C. § 1983, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *see also Payne v. Churchich,* 161 F.3d 1030, 1041 (7th Cir. 1998) ("A detainee establishes a § 1983 claim by demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger.").

> Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs. A claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition, and 2) an official's deliberate indifference to that condition. An objectively serious medical need includes both diagnosed conditions requiring treatment and conditions "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *See Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 810 (7th Cir. 2000) (internal quotation and citation omitted).

*Williams v. Liefer,* 491 F.3d 710, 714 (7th Cir. 2007) (some internal citations omitted). As to the second element, deliberate indifference requires a showing that the official was actually aware of a serious risk yet failed to take any action. See *Whiting v. Marathon County Sheriff's Dep't,* 382 F.3d 700, 703 (7th Cir. 2004); *Jackson v. Ill. Medi-Car, Inc.,* 300

F.3d 760, 765 (7th Cir. 2002). Under this standard, a plaintiff must show that prison officials were actually aware of a problem that was either diagnosed by a doctor or obvious enough that a reasonable lay person would realize a doctor's care was necessary. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001). Medical malpractice or mere disagreement with a doctor's medical judgment does not constitute deliberate indifference. *Edwards v. Snyder,* 478 F.3d 827, 831 (7th Cir. 2007).

Having considered the above standards in light of the undisputed evidentiary record, the court finds that Dr. Ruiz is entitled to judgment as a matter of law. This conclusion is reached because, considering the totality of Zook's medical care in relation to the medical treatment he sought while at the Jail, *see Reed v. McBride,* 178 F.3d 849, 855 (7th Cir. 1999), the evidentiary record shows no material question of fact as to whether Dr. Ruiz was deliberately indifferent to Zook's serious medical needs. The record shows that Dr. Ruiz's medical judgments and actions concerning Zook's condition and treatment (consisting of ice being authorized, a prompt evaluation, the prescription of pain medication, the authorization of crutches, instructions for care of the ankle/foot, and follow-up x-rays) were not "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *Estate of Cole v. Fromm,* 94 F.3d 254, 262 (7th Cir. 1996). These circumstances negate the existence of deliberate indifference regarding Zook's medical needs while at the Jail, and Dr. Ruiz is thus entitled to summary judgment as a matter of law. *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996) ("If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party.").

## IV. Conclusion

Based on the foregoing discussion, the defendants' motions for summary judgment are **granted.** The dismissal of the claim against Sheriff Kennedy shall be without prejudice, while the claim against Dr. Ruiz shall be dismissed with prejudice, and judgment consistent with this Entry shall now issue.

So ordered.

DAVID F. HAMILTON, Judge
United States District Court

Date: 11/19/2007